ORIGINAL

# In the United States Court of Federal Claims

No. 18-78L
(Filed June 29, 2018)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * *
                               *
                               *
FLORDELIZA A. HAWKINS,         *
                               *
            Plaintiff,         *
                               *
      v.                       *
                               *
THE UNITED STATES,             *
                               *
            Defendant.         *
                               *
* * * * * * * * * * * * * * * *
```

FILED

JUN 2 9 2018

U.S. COURT OF
FEDERAL CLAIMS

### MEMORANDUM OPINION AND ORDER

Plaintiff, Flordeliza A. Hawkins, asserts a number of claims against the Department of Housing and Urban Development (HUD) related to the foreclosure on her home by SunTrust Bank. The government has moved to dismiss this case under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). *See* Motion to Dismiss the Amended Complaint at 1 (Def.'s Mot.), ECF No. 11. Because Mrs. Hawkins has failed to state a claim for relief that falls within this court's jurisdiction, the government's motion to dismiss this case must be **GRANTED**.

## I. BACKGROUND

In a complaint and a subsequent amendment, plaintiff complains about the foreclosure on her home—as a result of which she and her ailing husband were evicted. She asserts that HUD was somehow involved because of a HUD form used in the process of obtaining the mortgage. The details in the complaint are sketchy, but other papers provide further information.

Plaintiff first filed her complaint with this Court on January 16, 2018. *See* ECF No. 1. In the complaint, Mrs. Hawkins alleged that HUD had taken her

*7012 3460 0001 7791 7869*

property by fraudulent means and without due process. *Id.* at 1–4.[1] Very few facts were given. Plaintiff also complained that the state court had erred in not finding that the foreclosure and eviction were unlawful. *Id.* at 2. Her claimed damages amounted to $2 million. ECF No. 1-2, at 1.

After the government filed its first motion to dismiss this case, Mrs. Hawkins filed what appeared to be an amendment to her complaint, and was treated as such. *See* ECF No. 10. In the amendment, Mrs. Hawkins directly alleged that HUD was involved in her mortgage transaction with SunTrust Bank because SunTrust used a HUD form at the closing. *Id.* at 5. She claimed that this made HUD the guarantor of her property and that without HUD, SunTrust would not have extended the loan. *Id.* She also appeared to assert that the mortgage contract is unenforceable without HUD as the guarantor. *Id.* In this paper, she claimed that she was owed $1 million in compensatory damages as well as the right to reclaim her house. *Id.* at 7. Further, she explained how this home equity loan was meant to help get her restaurant business off the ground. *Id.* at 6. Plaintiff and her husband had to close the business in 2009. *Id.* Then, in 2013, their house was foreclosed upon. *Id.* As a basis for this court's jurisdiction, Mrs. Hawkins listed several constitutional provisions which she claimed were violated by the taking of her home—specifically mentioning the Fourteenth Amendment's Due Process Clause, the Fourth Amendment's protection against unreasonable searches and seizures, and the Ninth Amendment. *Id.* at 4.

The government then moved to dismiss Mrs. Hawkins's amended complaint based on a lack of subject-matter jurisdiction or failure to state a claim. *See generally* Def.'s Mot. Plaintiff responded by arguing that she is entitled to relief from judgment under the Federal Rules of Civil Procedure. ECF No. 12, at 1. She also attached a copy of her amended complaint, explaining that it demonstrated how her constitutional rights, civil rights, disability rights, and human rights were violated. *Id.* She then maintained that the Eleventh Amendment does not protect the state officials and judges who violated her federal-law rights. *Id.* at 1–2.

A few days later, Mrs. Hawkins filed a supplemental response, alleging for the first time that the state court had violated her Seventh Amendment rights by not giving her a jury trial. ECF No. 13, at 1. She also asserted that this court is a "higher court" and that it has jurisdiction to review the state court's decision. *Id.* She restated her argument that HUD is a party to the mortgage transaction because its name appears on the heading of a document. *Id.* Additionally, she alleged that the mortgage contract is void because it did not comply with HUD's

---

[1] Most of plaintiff's papers do not include any form of pagination. The Court utilizes the pagination provided in ECF. The Court will accept "the alleged facts in the complaint as true" for the purposes of deciding the government's motion. *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002).

homestead exemption. *Id.* Plaintiff also argued that a "thorough and complete investigation and audit should have been conducted" before her bedridden husband and herself were thrown out into the freezing rain. *Id.* She further claimed that HUD was negligent in not promulgating rules and regulations to protect against such harsh treatment. *Id.*

Plaintiff attached several documents as exhibits to her amended response. The first appears to be a portion of an administrative ruling finding Mrs. Hawkins disabled under the Social Security Act. *Id.* at 4. Property-tax documents, documents relating to the state court proceeding, copies of regulations, and several documents related to her husband's medical issue were also included. *Id.* at 5–20. Finally, Mrs. Hawkins provided a copy of the HUD mortgage form referenced in several of her papers. *See* ECF No. 13, at 21. This document is a HUD-1 Settlement Statement. *See* ECF No. 13, at 21. This document is a HUD form with "U.S. Department of Housing & Urban Development" appearing at the top. *Id.* The form was filled out and signed by a settlement agent, Charles L. Anderson, and then signed by plaintiff and her husband. *See id.* No representative from HUD signed the form. *See id.*

Following the government's filing of its reply, Mrs. Hawkins filed yet another paper with this Court on April 23, 2018. *See* ECF No. 17. The paper emphasized the terrible ordeal of the eviction from her home by SunTrust Bank, with her bedridden husband, her pet birds, and all of her belongings being put out into the cold. *Id.* at 1. She then reasserted that HUD played a role in her suffering. Specifically, she contends that the HUD-1 Settlement Statement makes it evident "that HUD is the primary lender" and maintains that, without HUD's involvement, SunTrust would not have made the loan. *Id.* She then reiterates that this court has jurisdiction because her constitutional rights were violated. *Id.* at 2. Finally, she claims that HUD was negligent in not establishing rules to prevent banks from violating peoples' rights. *Id.* She requests $1 million in damages, the return of her house, and the ability to submit this case to a jury. *Id.*

Finally, plaintiff submitted a new paper, uncompliant with this court's rules, on April 26, 2018. In the Court's previous order, allowing the April 23, 2018 paper to be filed, the Court advised Mrs. Hawkins that she should not attempt to file any additional papers at that time. ECF No. 16. Given that it is unlikely that Mrs. Hawkins had received a copy of that order when she mailed her new paper, the Court will allow the submission received on May 7, 2018, to be filed as a sur-reply to the government's reply supporting its motion to dismiss this case. Plaintiff's motion to file this document under seal is **GRANTED**, as some of the attached exhibits contain sensitive personal information.

In sum, plaintiff's argument is essentially that the use of the HUD-1 Settlement Statement involved HUD itself in the mortgage transaction. She asserts that "HUD is the primary lender" simply because its name appeared at the top of the form. ECF No. 17, at 1. She also claims that HUD was the guarantor of

her property. ECF No. 10, at 5. Indeed, she claims that the mortgage contract is unenforceable because, if not for HUD serving as a guarantor, SunTrust Bank would not have given her a loan. *Id.* She further complains that HUD was negligent in imposing and enforcing its housing regulations against SunTrust Bank. ECF No. 13, at 1. Thus, HUD is accused of being responsible for SunTrust's wrongful eviction of plaintiff and her husband—an alleged violation of her constitutional and civil rights. ECF No. 17, at 1–2.

Plaintiff also argues that the state-court proceedings she initiated against SunTrust violated her constitutional rights by not providing her with a jury trial. ECF No. 13, at 1. She asks that this Court reverse the state court's decision, award her damages, and order the return of her house. ECF No. 10, at 7; ECF No. 12, at 1.

## II. DISCUSSION

### A. Standard of Review

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering a motion to dismiss a case for lack of subject-matter jurisdiction, courts will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton*, 291 F.3d at 1326 (stating that on a motion to dismiss for lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot spare from dismissal claims which fall outside this court's jurisdiction. *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). It is incumbent on the plaintiff to properly invoke the court's jurisdiction by establishing either a breach of contract by the federal government or identifying a money-mandating law which was allegedly violated by the government. *See United States v. Mitchell*, 463 U.S. 206, 216–17 (1983). A plaintiff's *pro se* status does not relieve her of the obligation to demonstrate jurisdiction by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (explaining the plaintiff's responsibility for showing that the claim falls within the court's jurisdiction); *Henke*, 60 F.3d at 799 (noting that a plaintiff's status does not excuse defects in the complaint); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (stating that the burden of proof for establishing jurisdiction is by a preponderance of the evidence).

Even if the plaintiff asserts claims that fall within the court's jurisdiction, she must still present a valid claim on which the Court can grant relief. *See* RCFC

12(b)(6). "When considering a motion to dismiss a case for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court accepts all well-pled facts as true and draws all reasonable inferences in plaintiff's favor." *Silver Buckle Mines, Inc. v. United States*, 117 Fed. Cl. 786, 791 (2014) (citing *Scheuer*, 416 U.S. at 236; *Pixton*, 291 F.3d at 1326; *Englewood Terrace Ltd. P'ship v. United States*, 61 Fed. Cl. 583, 584 (2004)). Granting a motion to dismiss a case for failure to state a claim "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). Denial of the motion is warranted when the complaint presents "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## B. Analysis

Plaintiff's complaint and supporting papers can be construed to assert a breach-of-contract claim against HUD. As such, the Court will consider whether Mrs. Hawkins has properly pled the existence of a contract with the federal government. She also appears to allege HUD is responsible for the taking of her property. *See* ECF No. 1, at 2. And she further claims that numerous constitutional and statutory rights were violated. Thus, the Court will determine if she has stated a claim rooted in a constitutional or statutory provision "mandating compensation by the Federal Government for the damage sustained." *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).

Before reviewing the plaintiff's claims, there are several minor defects in her complaint to be addressed. First, plaintiff asks that this Court order the return of her property. ECF No. 10, at 7. While the court can grant non-monetary remedies in certain specified circumstances where the relief is incidental to the award of monetary damages, *see* 28 U.S.C. § 1491(a)(2), we do not possess the broad equitable powers which would be necessary to issue plaintiff's requested relief. *See United States v. Tohono O'Odham Nation*, 563 U.S. 307, 313 (2011) (citing *United States v. King*, 395 U.S. 1, 2–3 (1969)). As such, this Court will consider only whether Mrs. Hawkins is entitled to money damages.

Plaintiff has also made a demand for a jury trial. ECF No. 17, at 2. The rules of this court, however, make no provision for jury trials. *See* RCFC 38 and 39. Because this court is an Article I court, the right to a jury trial under the Seventh Amendment does not apply. *Rohland v. United States*, 135 Fed. Cl. 36, 38 (2017). Indeed, by filing a complaint with this court, a plaintiff "waives the right to a jury

trial." *Id.* (quoting *Arunga v. United States*, 465 F. App'x 966, 967 n.2 (2012)). Therefore, plaintiff's request for a jury trial must be **DENIED**.[2]

With these defects addressed, it is now possible to consider whether Mrs. Hawkins has asserted a claim in accord with RCFC 12(b)(1) and 12(b)(6).  For the reasons given below, this Court concludes that Mrs. Hawkins has failed to state a claim complying with RCFC 12.  As such, her case must be **DISMISSED**.

### *1.  Contract Claim*

While Mrs. Hawkins has styled this case as a takings claim, *see* ECF No. 1, at 2, the thrust of her argument sounds in contract.  She basically asserts that the use of the HUD-1 Settlement Statement made HUD the guarantor of her mortgage. ECF No. 10, at 3.  The mere use of a HUD form, however, is not enough to state a valid contract claim against the United States.

When asserting that the government has entered into a contract, the plaintiff must show: "1) mutuality of intent to contract; 2) consideration; and, 3) lack of ambiguity in offer and acceptance." *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990).  Further, the plaintiff must demonstrate that the government's agent or representative "whose conduct is relied upon must have actual authority to

---

[2] The government believes that Mrs. Hawkins is seeking to obtain relief from defendants other than the United States. Def.'s Mot. at 6.  While actions by SunTrust Bank gave rise to this litigation, it does not appear to the Court that Mrs. Hawkins has attempted to include SunTrust or other private parties as defendants. But to the extent that Mrs. Hawkins seeks to include other defendants in this suit, the Court notes that it would not have jurisdiction over any claim against a person or entity other than the United States. *See Eden Isle Marina, Inc. v. United States*, 113 Fed. Cl. 372, 464 n.128 (2013) (explaining how the United States is the only proper defendant in this court).

There are, however, instances where Mrs. Hawkins appears to allege that state officials and judicial officers acted unlawfully in evicting her from her home and in adjudicating her case. *See* ECF No. 12, at 1.  To the extent that she seeks to hold those individuals liable, this Court is unable to review any such claims. *See Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) ("This court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself."); *see also Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (explaining that this court cannot hear claims against "states, localities, state and local government officials, state courts, state prisons, or state employees").

bind the government in contract." *Id.* (quoting *Juda v. United States*, 6 Cl. Ct. 441, 452 (1984)).

Plaintiff fails to allege the formation of a contract. She has not provided facts demonstrating the formation of an agreement whereby the federal government—in the form of HUD—would guarantee her mortgage or provide her with assistance in the event of default. Her entire argument is premised on the use of a HUD form in the mortgage-closing documents. But the use of a form published by a federal entity is not enough to make the government a party to the contract. There must be evidence that the government intended to enter a contract with the plaintiff. *See Bailey v. United States*, 54 Fed. Cl. 459, 485–86 (2002) (discussing the required mutuality of intent to contract).

The HUD-1 Settlement Statement in no way indicates an intent on the part of the government to guarantee plaintiff's mortgage. The statement is prepared by a settlement agent. *Understanding the HUD-1 Settlement Statement*, LEGAL ASSISTANT (Sept. 16, 2011), https://www.thelegalassistant.com/2011/09/16/understanding-the-hud-1-settlement-statement/. Its purpose is to itemize all of the costs and fees associated with obtaining a real-estate loan—such as title-search fees, appraisal fees, document preparation costs, and taxes. *Id.* The only signatories to the statement are the settlement agent—here Charles L. Anderson of Kenyon, Lusk & Anderson—and the borrower—plaintiff's husband. *See* ECF No. 13, at 21. Plaintiff also signed the form to certify that it was a true copy. *Id.* No agent of HUD is a signatory. And the reason why the borrower signed the statement was only to "acknowledge receipt of a completed copy of this statement & any attachments referred to herein." *Id.*

The HUD-1 Settlement Statement does not show the existence of a contract between Mrs. Hawkins and the federal government. It does not contain terms that can be construed to mean that HUD would assist Mrs. Hawkins in the event of a default on the mortgage. Hence, she has neither shown an intent to contract nor an unambiguous offer. Further, Mrs. Hawkins has failed to indicate that an agent of HUD vested with authority to make such an agreement offered to have HUD serve as a guarantor. Thus, the facts pled do not support the existence of a valid contract claim. The claim must therefore be dismissed for want of jurisdiction. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1344 (Fed. Cir. 2008).

### 2. *Takings Claim*

Because Mrs. Hawkins has styled her claim as a takings claim, the Court next considers whether the facts support of an appropriation of a protected property interest by the federal government. In evaluating whether a plaintiff is owed just compensation from a taking, the court utilizes a two-part test. First, it "determines whether the claimant has identified a cognizable Fifth Amendment property interest that is asserted to be the subject of the taking." *Acceptance Ins. Cos. v.*

*United States*, 583 F.3d 849, 854 (Fed. Cir. 2009). If the court finds a cognizable property interest, it next decides "whether that property interest was 'taken.'" *Id.*

Plaintiff, at certain points, appears to argue that HUD was complicit in the foreclosure because it promulgates housing rules and regulations. *See* ECF No. 17, at 1–2. This court, however, has found that such assertions do not state a valid takings claim. In *Houston v. United States*, the plaintiff alleged that Fannie Mae had "condoned" the foreclosure of plaintiff's property by Bank of America. 132 Fed. Cl. 339, 342 (2017). But because a privately-owned bank conducted the foreclosure, the court noted that it was without jurisdiction to entertain the claim. *Id.* at 343. And even if the government was somehow involved, so as to give the court jurisdiction, the plaintiff still failed to state a valid claim. *Id.* Specifically, the plaintiff "alleged no public use of his real property." *Id.*

Plaintiff's complaint suffers from the same defects. Her home was foreclosed upon by SunTrust Bank—a private entity. Nothing in the pleadings or papers submitted by Mrs. Hawkins suggests that the federal government played a role in SunTrust's decision to foreclose on her home. There is also nothing in the complaint or supporting papers about her home being acquired for a public use. As such, Mrs. Hawkins has failed to state a takings claim falling within this court's jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (explaining how a court can dismiss a claim for lack of jurisdiction "where such a claim is wholly insubstantial and frivolous").

### 3. Miscellaneous Claims

Plaintiff also asserts a variety of other claims, ranging from a deprivation of constitutional rights to misfeasance by HUD in promulgating its regulations. For the reasons discussed specifically below, this court has no jurisdiction to entertain any of these claims.

First, Mrs. Hawkins is under the impression that this court is a "higher court" capable of correcting any legal deficiencies by the state court in the case she brought against SunTrust Bank. ECF No. 13, at 1. The court is unable to review the correctness of decisions by other courts. *See Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *Robinson v. United States*, 135 Fed. Cl. 556, 558 (2017); *Burlison v. United States*, 75 Fed. Cl. 736, 741 (2007). Thus, this Court cannot determine whether Mrs. Hawkins's mortgage contract is unenforceable—as doing so would necessarily require reviewing whether the state court's decision was in accord with the law.

Similarly, plaintiff also appears to request that this Court set aside the judgment of the state court, ostensibly under RCFC 60(b). ECF No. 12, at 1. Plaintiff misunderstands this rule, no doubt because she is proceeding without counsel. Under RCFC 60, our court may only set aside one of its prior judgments,

not those of other courts. *Haddad v. United States*, Nos. 15-640C & 15-820C, 2015 WL 7730933, at *2 n.6 (Fed. Cl. Nov. 30, 2015) (citing *Carney v. United States*, 199 Ct. Cl. 160, 162–64 (1972)).

Plaintiff also raises a number of constitutional arguments. She contends that the state court violated her Seventh Amendment rights by not giving her a jury trial in her case against SunTrust. ECF No. 13, at 1. As already discussed above, this court has no authority to review and reverse the decision of another court. Hence, this Court has no jurisdiction over this claim. The Court further notes that this claim is meritless, as the Seventh Amendment jury-trial right has not been incorporated against the states. *See McDonald v. City of Chicago*, 561 U.S. 742, 765 n.13 (2010) (noting that the Seventh Amendment's right to a jury trial is one of a handful of provisions in the Bill of Rights that does not fully apply to the states). And in any event, actions by a state government entity are not within our jurisdiction. *See* 28 U.S.C. § 1491.

Plaintiff also asserts that her eviction violated her constitutional rights and civil rights generally. *See* ECF No. 10, at 4; ECF No. 12, at 2. She specifically argues that she was deprived of life, liberty, and property without due process of law under the Fourteenth Amendment. ECF No. 12, at 5. She also says that the eviction violated her Fourth Amendment right to be secure in her persons, houses, papers, and effects against unreasonable searches and seizures. *Id.* And she claims that the eviction violated her rights as a citizen under the Ninth Amendment. *Id.*

As is frequently the case when non-lawyers represent themselves in proceedings brought in our court, Mrs. Hawkins misunderstand the jurisdiction that Congress has given us. Our court has not been empowered to opine on every matter involving an alleged violation of a constitutional provision. Under the Tucker Act, 28 U.S.C. § 1491(a)(1), our jurisdiction is restricted to claims for money damages, and requires "the identification of a money-mandating law which was allegedly violated by the federal government." *Stanwyck v. United States*, 127 Fed. Cl. 308, 312 (2016) (citing *Mitchell*, 463 U.S. at 216–17). For jurisdiction to rest on the transgression of a constitutional provision, that provision must mandate that money be paid to particular individuals if violated. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating."); *see also Eastport S.S. Corp.*, 372 F.2d at 1007 (explaining that our predecessor did not have jurisdiction over "every claim involving or invoking the Constitution").

The Due Process Clause of the Fourteenth Amendment is not a money-mandating provision. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Due Process and Equal Protection Clauses of the Fourteenth

Amendment are not money mandating).[3]  Neither is the Fourth Amendment's protection against unreasonable searches and seizures.  *See Milgroom v. United States*, 122 Fed. Cl. 779, 800 (2015) (citing cases that have consistently held that the Fourth Amendment is not money mandating, thus depriving this court of jurisdiction over Fourth Amendment claims).  And the same is true of the Ninth Amendment.  *See Hernandez v. United States*, 93 Fed. Cl. 193, 198 (2010) (listing the Ninth Amendment as a provision that is not money mandating).  Thus, this Court has no jurisdiction to hear any of plaintiff's constitutional claims.

Plaintiff also appears to assert that her statutory civil rights and disability rights were violated.  *See* ECF No. 12, at 1 (complaining that statutory rights were violated); ECF No. 13, at 4 (attaching what appears to be an administrative order finding that Mrs. Hawkins is "disabled"); ECF No. 17, at 2 (asserting that her civil rights and disability rights were violated).  "[F]or a statutory violation to be the basis for a claim in our court, the statute must require that the United States government pay money to an individual for non-tortious conduct."  *Stanwyck*, 127 Fed. Cl. at 314; *see also Mitchell*, 463 U.S. at 216–17 ("Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act.  The claim must be one for money damages against the United States, and the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." (citations, internal quotation marks, and footnote omitted)).  Plaintiff, however, has not even cited a statute or a regulation that the government transgressed.  Her general assertions that her rights were violated is not sufficient to state a claim that she is entitled to payment of money from the government.  *See Contreras v. United States*, 64 Fed. Cl. 583, 588 (2005) ("[A] claim 'founded . . . upon . . . any Act of Congress or any regulation of an executive department' must be based on a law or regulation that either entitles the plaintiff to a payment of money from the government, or places a duty upon the government, the breach of which gives the plaintiff a money damages remedy." (alterations in original)).

Plaintiff also seems to allege tortious conduct in several instances.  *See* ECF No. 1, at 2–3 (asserting fraud and infliction of emotional distress on the part of the government in the confiscation of her property); ECF No. 17, at 2 (stating that HUD

---

[3] The one exception is that our court does have jurisdiction over illegal exaction claims under the Due Process Clause of the Fifth Amendment.  To make such a claim, the plaintiff would have to show that the government took the plaintiff's money and that this exaction violated due process.  *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–73 (Fed. Cir. 1996) (citing *Eastport S.S. Corp.*, 372 F.2d at 1007).  The facts of this case, however, do not lend themselves to an illegal-exaction theory—Mrs. Hawkins has made no allegation that she was required to pay money to HUD in violation of a constitutional provision.  *See id.* at 1573–74 (discussing the requirement that a plaintiff pay money).

was negligent in imposing and implementing its housing regulations).  The Tucker Act, however, specifically withholds jurisdiction from this court over any claims sounding in tort.  28 U.S.C. § 1491(a)(1); *Khalil v. United States*, 133 Fed. Cl. 390, 392 (2017).  Indeed, the Federal Tort Claims Act vests only the United States district courts with jurisdiction over tort claims against the United States— including those for loss of property.  28 U.S.C. § 1346(b)(1); *U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1366 (Fed. Cir. 2013).  Thus, to the extent that Mrs. Hawkins argues that HUD was negligent in enforcing any protections afforded to her or that other government actors negligently harmed her, this Court has no jurisdiction to hear such claims.

## III.  CONCLUSION

While the Court understands that Mrs. Hawkins is quite upset over the loss of her home and the difficulties that the situation has caused her, Congress has not given this court jurisdiction to hear cases like hers.  The court cannot review the decisions of state courts.  Nor can we hear complaints alleging general violations of the Constitution or civil rights laws.  We can only adjudicate claims involving a contract with the federal government or cases where the governing law mandates the payment of money.  The claims that Mrs. Hawkins asserts fall into neither category.  As such, plaintiff has failed to state a claim for relief within this court's jurisdiction.  The government's motion to dismiss this case is **GRANTED**.  The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge